# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT
# HARTFORD DIVISION

| | |
|---|---|
| In re:<br><br>Mitchell J Flynn,<br><br>      Debtor. | Chapter 7<br><br>Case No. 24-20649<br><br>Re: ECF Nos. 10, 14, 18 |
| 420 John Fitch Acquisitions, LLC,<br><br>      Movant,<br><br>v.<br><br>Mitchell J. Flynn, Bonnie C. Mangan, Chapter 7 Trustee,<br><br>      Respondents. | |

## MEMORANDUM OF DECISION AND
## ORDER ON MOTION FOR RELIEF FROM STAY

Before the Court is the Motion for Relief from Stay dated July 23, 2024 ("Motion," ECF No. 10), filed by 420 John Fitch Acquisitions, LLC ("Movant"), in which the Movant seeks relief from the automatic stay, including *in rem* relief, so as to continue a foreclosure action pending in the Connecticut Superior Court pertaining to 420 John Fitch Boulevard, South Windsor, Connecticut ("Property").[1] The Debtor filed a limited objection (ECF No. 14), to which the Movant replied (ECF

---

[1] The Court takes judicial notice of the pending foreclosure action, *420 John Fitch Acquisitions, LLC v. Conn. Soil Realty LLC*, No. HHD-CV-21-6148823-S (Conn. Super. Ct.).

No. 18). The Court held a hearing on the Motion on September 5, 2024. For the following reasons, the Court grants the Motion.

The foreclosure action was filed in the Superior Court on October 29, 2021, against the Debtor and, among others, two entities he controlled that are also debtors in bankruptcy, Connecticut Soil Realty LLC (Case No. 23-20890-JJT) and Connecticut Soil LLC (Case No. 23-20827-JJT).[2] Prior the commencement of trial in the foreclosure action, Connecticut Soil Realty filed a Chapter 7 petition, which was later dismissed but stayed the foreclosure action. Connecticut Soil then filed a Chapter 7 petition two weeks later. Shortly thereafter, Connecticut Soil Realty filed another petition. Stay relief entered in both Connecticut Soil Realty's (Case No. 23-20890-JJT, ECF No. 37) and Connecticut Soil's (Case No. 23-20827-JJT, ECF No. 70) cases to allow for the Movant to exercise its foreclosure rights with regards to the Property. On July 15, 2024, the day before trial, the Debtor filed the instant case.

> Under 11 U.S.C. § 362(d):
>
> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>     (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>     (2) with respect to a stay of an act against property under subsection (a) of this section, if—
>         (A) the debtor does not have an equity in such property; and

---

[2] Connecticut Soil Realty was the record owner of the Property, with Connecticut Soil having had a leasehold interest in the Property. The Debtor is the alleged guarantor or co-obligor of the notes underlying the mortgages being foreclosed.

2

    (B) such property is not necessary to an effective reorganization;

\*\*\*

  (4) with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved either—
    (A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or
    (B) multiple bankruptcy filings affecting such real property.[3]

Subsection (d)(2) is easily met here because the Debtor does not have equity in the Property and is not reorganizing. As for subsection (d)(1), the lack of insurance and failure to make any payments on the mortgage leave the Movant without adequate protection, meaning that cause exists to lift the stay.

The Debtor does not seriously dispute the Movant's right to seek customary stay relief to conclude a foreclosure, but argues that there is no ground under § 362(d)(1) or (2) for the Movant to seek an *in personam* judgment. The Debtor elaborated at the September 5, 2024 hearing that he would prefer this Court to simply determine any claim amount, as opposed to the Superior Court liquidating any deficiency claim the Movant might have against the Debtor. As is customary, the stay relief accorded herein will not allow for *in personam* enforcement of a

---

[3] Subsection (d)(4) of 11 U.S.C. § 362 also provides: "If recorded in compliance with applicable State laws governing notices of interests or liens in real property, an order entered under paragraph (4) shall be binding in any other case under this title purporting to affect such real property filed not later than 2 years after the date of the entry of such order by the court, except that a debtor in a subsequent case under this title may move for relief from such order based upon changed circumstances or for good cause shown, after notice and a hearing. Any Federal, State, or local governmental unit that accepts notices of interests or liens in real property shall accept any certified copy of an order described in this subsection for indexing and recording."

deficiency judgment against the Debtor outside the Chapter 7 process without further order of this Court.

The Second Circuit has identified a dozen factors to consider in determining whether to allow litigation to continue elsewhere. *See Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.)*, 907 F.2d 1280, 1286 (2d Cir. 1990).

> These are: (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms.

Present here are factors (1), (3), (10), and (11). Moreover, no evidence has been put forth that other creditors will be prejudiced and, in weighing the harms, it makes sense to allow the Superior Court to decide with regards to all defendants in the foreclosure action what a deficiency may be or, given the interposed defenses by the Debtor, Connecticut Soil Realty, and Connecticut Soil, whether such debts were previously satisfied. Assuming that the Superior Court rejects those defenses and finds that the Debtor and other borrowers are liable on the notes, the Connecticut foreclosure process critically examines the amount of the debt and the value of the

4

property in its judicial process. The potential duplication of that exercise by this Court would be inefficient and wasteful of judicial resources. Sufficient cause therefore exists to allow the foreclosure action to be completed, particulary the liquidation of any deficiency.[4] Any fears of improper enforcement of that deficiency judgment are speculative and can be readily addressed by sanctions.

That leaves whether it is appropriate for this Court to grant *in rem* relief under § 362(d)(4). It is undisputed that the Debtor and entities he controlled have filed four bankruptcy cases, all of which have had the effect of staying the foreclosure action. It cannot seriously be disputed that such has had the effect of a scheme to delay, hinder, or defraud creditors, particularly the Movant. Accordingly, *in rem* relief is also appropriate here.

For the foregoing reasons, it is hereby

ORDERED: Any objections to the Motion are overruled; and it is further

ORDERED: The automatic stay provided in 11 U.S.C. § 362(a) is modified pursuant to 11 U.S.C. § 362(d)(1) and (2) to permit the Movant and/or its successors or assignees, to exercise its rights, if any, with respect to the foreclosure of the Property, in accordance with applicable nonbankruptcy law; and it is further

ORDERED: The Movant is granted *in rem* relief from the automatic stay as to the Property based upon the findings that the Movant's claim is secured by an interest in the Property, and that, pursuant to 11 U.S.C. § 362(d)(4)(B), the filing of

---

[4] The Movant understands that any remedy for any deficiency of the Debtor must be sought in this Court. In light of claims bar dates, the scope of the automatic stay and discharge injunctions, a motion for relief from stay rarely provides the vehicle for a judgment creditor to seek to enforce and unsecured foreclosure deficiency claim.

the Debtor's petition was part of a scheme to delay, hinder, or defraud creditors that involved multiple bankruptcy filings affecting the Property; and it is further

ORDERED: In accordance with 11 U.S.C. § 362(d)(4), if this Order is recorded in compliance with applicable State laws governing notices of interests or liens in real property, this Order shall be binding in any other case under this title purporting to affect such real property filed not later than two years after the date of the entry of this Order, except that the Debtor in a subsequent case under this title may move for relief from this Order based upon changed circumstances or for good cause shown, after notice and hearing. *See* 11 U.S.C. § 102(1). Any Federal, State or local governmental unit that accepts notices of interests or liens in real property shall accept a certified copy of this Order for indexing and recording; and it is further

ORDERED: After liquidating any deficiency judgment in the foreclosure action against the Debtor, THE MOVANT MAY *ONLY* SEEK TO ENFORCE ANY SUCH JUDGMENT PURSUANT TO A DULY FILED PROOF OF CLAIM IN THIS BANKRUPTCY CASE UNTIL EITHER FURTHER ORDER OF THIS COURT OR DISMISSAL OF THIS CASE.

IT IS SO ORDERED at Hartford, Connecticut this 11th day of September 2024.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut